UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AL GILANI, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:21-CV-01461-X |
| UNIVERSITY OF TEXAS | § | |
| SOUTHWESTERN MEDICAL | § | |
| CENTER; ANGELA MIHALIC; | § | |
| BLAKE BARKER; W P ANDREW | § | |
| LEE, MD; and DWAIN THIELE, | § | |
| | § | |
| *Defendants.* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is the defendants' motion for judgment on the pleadings on Plaintiff Al Gilani's claims [Doc. No. 6]. For the reasons explained below, the Court **GRANTS IN PART** the defendants' motion for judgment on the pleadings. Gilani has twenty-eight days to file an amended complaint that is limited to curing the defects this Order identifies.

### I.     Factual Background

The University of Texas Southwestern Medical School (UT Southwestern) expelled Gilani in March 2019. Gilani filed this suit alleging that he was unlawfully expelled. Gilani sued UT Southwestern and four members of UT Southwestern's academic administration. [1]

---

[1] The individual defendants are Angela Mihalic, M.D., Dean of Medical Students and Associate Student Affairs; Blake Barker, M.D., Associate Dean of Student Affairs; W.P. Andrew Lee, Executive

Gilani filed his petition in state court on March 25, 2021, exactly two years after his dismissal from medical school.  Gilani alleges three causes of action: (1) intentional discrimination under Title VI of the Civil Rights Act of 1964; (2) Fourteenth Amendment procedural due process violations brought through 42 U.S.C § 1983; and (3) defamation.  The defendants removed the case to this Court in June 2021 and subsequently filed a motion for judgment on the pleadings.

## II.    Legal Standards

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."[2]  In considering a Rule 12(c) motion for judgment on the pleadings, Courts use the same standard as for a Rule 12(b)(6) motion to dismiss for failure to state a claim.[3]  So, to survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[4]  "A motion brought pursuant to [Rule] 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."[5]

---

Vice President for Academic Affairs, Provost, and Dean of UT Southwestern; and Dwain Thiele, M.D., Vice Provost.

[2] FED. R. CIV. P. 12(c).

[3] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

[5] *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (cleaned up).

## III.    Analysis

## A. Statute of Limitations

The Court addresses first the defendants' argument that Gilani's claims are time barred.  The defendants contend that Gilani's section 1983 and Title VI claims are time barred because he did not exercise diligence in serving the defendants, and that his defamation claim is time barred because it was filed outside of the one-year limitations window.

"Limitations is an affirmative defense."[6]  "To obtain a dismissal at the Rule 12(c) stage based on an affirmative defense, the successful affirmative defense must appear clearly on the face of the pleadings."[7]  Specifically, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like."[8]

In the Fifth Circuit, section 1983 and Title VI claims are "subject to state statutes of limitations for personal injury actions."[9]  Texas has a two-year statute of

---

[6] *Anderson v. Octapharma Plasma, Inc.*, No. 3:19-CV-2311-D, 2021 WL 1894689, at *7 (N.D. Tex. May 11, 2021) (Fitzwater, J.) (citing FED. R. CIV. P. 8(c)(1)), *clarified on denial of reconsideration*, No. 3:19-CV-2311-D, 2021 WL 4219700 (N.D. Tex. Sept. 16, 2021), *appeal filed sub nom. Jackson v. CSL Plasma*, No. 21-11038 (5th Cir. Oct. 15, 2021); *see also EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank, NA*, 467 F.3d 466, 470 (5th Cir. 2006) ("Although dismissal under [R]ule 12(b)(6) may be appropriate based on a successful affirmative defense, that defense must appear on the face of the complaint.").

[7] *Anderson*, 2021 WL 1894689, at *7 (cleaned up).

[8] *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003).

[9] *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 583 (5th Cir. 2020); *Matter of Hoffman*, 955 F.3d 440, 443 (5th Cir. 2020) ("Because [section] 1983 does not prescribe a statute of limitations, courts must borrow the relevant state's statute of limitations for personal injury actions." (cleaned up)).

limitations for personal injury claims.[10]  So the limitations period for Gilani's section 1983 and Title VI claims is two years.  "Federal law determines when a cause of action under [section] 1983 accrues."[11]  And under federal law, "[a] claim accrues when the plaintiff knows or has reason to know of the injury giving rise to the claim."[12]  The parties agree that Gilani's claims accrued on March 25, 2019, the date of his dismissal.

"Under Texas law, a plaintiff must both file suit and serve process on the defendant within the limitations period or [his] claim is time-barred."[13]  But "[i]f a [plaintiff] files suit within the limitations period, and then diligently and continually attempts to serve the defendant but is unable to do so until after the limitations period expires, the date of service will relate back to the date suit was filed."[14]  To prove diligence, "[a] plaintiff must satisfactorily 'present evidence regarding the efforts that were made to serve the defendant, and to explain every lapse in effort or period of delay.'"[15]

The parties agree that the section 1983 and Title VI claims were timely filed. But the defendants argue that Gilani was not diligent in serving process on the defendants and therefore, his claims are barred.  Gilani argues that his diligence is a

---

[10] TEX. CIV. PRAC. & REM. CODE § 16.003(a).

[11] *Matter of Hoffman*, 955 F.3d at 444.

[12] *Sewell*, 974 F.3d at 583.

[13] *Henderson v. Republic of Tex.*, 672 F. App'x 383, 384 (5th Cir. 2016) (citing *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970)).

[14] *Id.* at 385.

[15] *Id.* (quoting *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007)).

factual issue that cannot be resolved at the motion to dismiss stage. But he says that "[i]f and when the allegation is properly raised, [he] will demonstrate through admissible evidence that he served the Defendants as soon as he obtained citations from the state court clerk, that any delay in service resulted from that clerk's error, and that [he] diligently sought to correct that error."[16]

The defendants correctly note that the Court's record (including the state-court docket) shows that Gilani did not request citations from the state court clerk until six weeks after he filed the suit. But the operative *pleading* does not demonstrate "on [its] face" that these claims are time barred.[17] Accordingly, the Court cannot resolve this argument at the Rule 12(c) stage—although it may be properly asserted at the summary judgment stage. Therefore, the Court denies the motion for judgment on the pleadings on the ground that Gilani did not diligently serve the defendants with respect to his section 1983 and Title VI claims.

However, Gilani concedes that his defamation claim is barred by the one-year statute of limitations and that it can be properly raised and ruled on at the Rule 12(c) stage. The Court agrees, grants the defendants' motion, and dismisses Gilani's defamation claim.[18]

---

[16] *Id.*

[17] *Anderson*, 2021 WL 1894689, at *7.

[18] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 741 (5th Cir. 2019) ("Under Texas law, defamation claims generally are subject to a one-year statute of limitations.").

## B. Immunity from the Section 1983 Claim

The defendants next move for judgment on the pleadings on the ground that they have sovereign or qualified immunity from liability. Gilani concedes in his response that the defendants' motion should be granted as to the section 1983 claim against UT Southwestern. So the Court grants the defendants' motion as to Gilani's section 1983 claim against UT Southwestern and turns to his claims against the individual defendants.

First, as a threshold issue, Gilani contends that the defendants forfeited all immunity defenses because they filed an answer and affirmative defenses in state court before removing the case to federal court. Under Fifth Circuit precedent, the defendants' removal to federal court forfeited their sovereign immunity from suit, but (possibly, as explained more below) not sovereign immunity from liability.[19] The defendants properly pled their qualified-immunity and sovereign-immunity-from-liability defenses, so the Court will consider them here.[20]

Second, the defendants argue that it is unclear whether Gilani's section 1983 claim is against them in their official or individual capacities (which is why they assert both sovereign and qualified immunity). The Court sees no ambiguity in Gilani's complaint: he clearly sued the individual defendants in their official

---

[19] *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 255 (5th Cir. 2005) ("[W]hen Texas removed this case to federal court it voluntarily invoked the jurisdiction of the federal courts and waived its immunity from suit in federal court. Whether Texas has retained a separate immunity from liability is an issue that must be decided according to that state's law." (citation omitted)).

[20] *Cephus v. Tex. Health & Hum. Servs. Comm'n*, 146 F. Supp. 3d 818, 827 (S.D. Tex. 2015) (citing *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006)).

capacities only.[21]  However, in response to the defendants' motion, Gilani seeks leave to amend his complaint to sue the individual defendants in their individual capacities.[22]  The Court grants Gilani leave to amend his complaint to sue the individual defendants in their individual capacities, in addition to their official capacities.[23]  And if he does so, the defendants may reassert their qualified immunity defense.

Third, as for the defendants' immunity in their official capacities, it is unclear what relief is requested from the individual defendants.  Gilani requests injunctive relief from and a declaration against "the City," and generally requests $8 million in damages without specifying the cause of action or the defendant he seeks this remedy from.  His proposed amended complaint partially addresses this issue by clarifying the specific injunctive relief he seeks against the individual defendants.  So, the Court again grants Gilani leave to amend his complaint to clarify the relief he is seeking against each defendant and in what capacity.[24]  Accordingly, the Court will not address the defendants' sovereign immunity from liability defense at this time.

---

[21] *See* Doc. No. 2-3 at 7.

[22] Doc. No. 10-2 at 13.

[23] *Great Plains Tr. Co.*, 313 F.3d at 329 ("In view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case . . . .").

[24] The Court appreciates Gilani filing his proposed amended complaint.  But because this Order addresses more changes than the proposed amended complaint makes, the Court will allow Gilani to make the changes this Order requires within twenty-eight days—rather than docketing the proposed amended pleading as the live pleading.

While the defendants concede that they forfeited sovereign immunity from suit by removing the case to this Court, they assert that they maintain sovereign immunity from liability. And there are plenty of cases supporting a state official's sovereign immunity from *suit* when sued in her official capacity.[25] It's also clear that under Texas law, "sovereign immunity encompasses both immunity from suit and immunity from liability."[26] "[W]aiver of one form of immunity does not necessarily operate as a waiver of the other."[27] "[I]mmunity from liability is waived if either the Legislature waived this immunity by clear and unambiguous language, or if the defendant failed to assert sovereign immunity as an affirmative defense."[28] But the defendants haven't connected the dots between the cases supporting immunity from suit and their argument that they are immune from *liability* as to the section 1983 claim.

---

[25] *See Daniel v. Univ. of Tex. Sw. Med. Ctr.*, 960 F.3d 253, 259 (5th Cir. 2020) ("In employing the *Clark* factors, we conclude that [UT Southwestern Medical Center] is entitled to arm-of-the-state status . . . ."); *Planned Parenthood Gulf Coast, Inc. v. Phillips*, 24 F.4th 442, 450 (5th Cir. 2022) ("[T]he Eleventh Amendment generally deprives federal courts of jurisdiction to hear suits by individuals . . . against state officials in their official capacities." (cleaned up)); *id.* at 451 (noting the *Ex parte Young* exception, which "grants a federal court jurisdiction over a lawsuit against a state official in his official capacity if the suit seeks prospective relief to redress an ongoing violation of federal law." (cleaned up)).

[26] *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 121 (Tex. 2015). The Fifth Circuit explained that a state has the "prerogative, by its own law, to treat its immunity from liability as separate from its immunity from suit." *Meyers ex rel. Benzing*, 410 F.3d at 255 ("[T]he Constitution permits and protects a state's right to relinquish its immunity from suit while retaining its immunity from liability . . . ."). And this is issue is decided by Texas law. *Id.* ("Whether Texas has retained a separate immunity from liability is an issue that must be decided according to [Texas] law.").

[27] *Carty v. State Office of Risk Mgmt.*, 733 F.3d 550, 553 (5th Cir. 2013).

[28] *Skinner v. Gragg*, 650 F. App'x 214, 218 (5th Cir. 2016) (cleaned up).

After Gilani has filed his amended complaint and assuming that he maintains his suit against the individual defendants in their official capacities, the defendants will be able to file any appropriate motion addressing these issues.[29]

### C. Failure to State a Title VI Claim

Gilani concedes in his response that the defendants' motion should be granted as to the Title VI claim against the individual defendants but contends that his Title VI claim against UT Southwestern should survive. So, the Court dismisses the Title VI claim against the individual defendants and now considers whether Gilani has stated a Title VI claim against UT Southwestern.

To state a claim under Title VI, Gilani must allege (1) intentional discrimination[30] and (2) that UT Southwestern received federal funding.[31] First, UT Southwestern argues and is correct that Gilani's complaint fails to allege that UT Southwestern received federal funding.[32] Second, UT Southwestern also argues that Gilani has not alleged sufficient facts to create a reasonable inference that he failed two courses because the defendants intentionally discriminated against him in a prohibited way. Gilani does not specifically respond to this argument other than

---

[29] *See also* Section III.A (noting that a motion for summary judgment would be the earliest appropriate vehicle for arguing that Gilani was delinquent in serving the defendants).

[30] *Rollerson v. Brazos River Harbor Navigation Dist. of Brazoria Cnty.*, 6 F.4th 633, 639 (5th Cir. 2021) (citing *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001)).

[31] *Mayorga Santamaria ex rel. Doe Child. 1-3 v. Dall. Indep. Sch. Dist.*, No. CIV.A.3:06CV692-L, 2006 WL 3350194, at *48 (N.D. Tex. Nov. 16, 2006) (Lindsay, J.) ("To state a claim for damages under Title VI, a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance.").

[32] Gilani does so in its response to the defendants' motion for judgment on the pleadings.

stating that the defendants' "denials create fact issues, rather than demonstrating implausibility."

"Title VI does not protect individuals from unfair decisions, but only decisions that are made with discriminatory intent."[33]  Accordingly, to adequately plead a Title VI claim, a complaint must contain "specific allegations of acts that were taken with discriminatory intent."[34]  "Discriminatory intent may be proven (among other ways) by departures from procedural norms, a history of discrimination against others similarly situated, or by circumstantial evidence, such as a pattern of conduct inexplicable on grounds other than race."[35]  Gilani's complaint alleges that (1) he was "treated the way he was due to his ethnicity"; (2) other "students (of different races), whose foreign trips were demonstrably less productive than and involved substantially more travel than Mr. Gilani's, suffered no ramifications of any kind and have since graduated"; and (3) other "students (of different races), who failed more central courses without the need for administrative giggery pokery to produce such results, were not expelled and have since graduated."

But Gilani pleads no facts to support these conclusory allegations and fails to point to *specific acts* that were taken with prohibited discriminatory intent.[36]  At this

---

[33] *Muthukumar v. Univ. of Tex. at Dall.*, No. 3:10-CV-0115-B, 2010 WL 5287530, at *4 (N.D. Tex. Dec. 27, 2010) (Boyle, J.) (cleaned up).

[34] *Mohamed for A.M. v. Irving Indep. Sch. Dist.*, 252 F. Supp. 3d 602, 627 (N.D. Tex. 2017) (Lindsay, J.) (cleaned up).

[35] *DuVall v. Att'y Gen. of Tex.*, No. A-07-CA-1017-SS, 2008 WL 11453691, at *3 (W.D. Tex. Apr. 15, 2008), *aff'd sub nom. DuVall v. Att'y Gen. Office of Tex.*, 325 F. App'x 329 (5th Cir. 2009).

[36] *Id.* at *3 (finding that plaintiff failed to state a claim under Title VI because the complaint was "devoid of any specific factual allegation"); *Muthukumar*, 2010 WL 5287530, at *5 (dismissing

stage, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[37]  However, the Court finds that Gilani may be able to cure these deficiencies in his amended complaint, and the Court allows him to do so.

## IV.   Conclusion

The Court **GRANTS IN PART** the defendants' motion for judgment on the pleadings and **DISMISSES WITHOUT PREJUDICE** Gilani's claims.  The Court grants Gilani leave to amend his complaint to correct the specific deficiencies identified by this order.  He may clarify that his section 1983 claim is against the individual defendants also in their individual capacities, and he may correct the deficiencies the Court identified with respect to his Title VI claim.[38]  Gilani has twenty-eight days to file an amended complaint.

**IT IS SO ORDERED** this 25th day of March, 2022.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

plaintiff's claim because its complaint failed to "provide specific allegations of acts that were taken with discriminatory intent").

[37] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (cleaned up).

[38] Of course, Gilani may not include in the amended complaint the defamation claim, the section 1983 claim against UT Southwestern, or the Title VI claim against the individual defendants. The Court can dismiss any portions of the amended complaint that were not permitted by this order.