IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AL GILANI, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:21-CV-1461-N |
| § | |
| UNIVERSITY OF TEXAS § | |
| SOUTHWESTERN MEDICAL § | |
| CENTER, *et al.*, § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendant University of Texas Southwestern Medical Center's ("UT Southwestern") motion for summary judgment [41]. For the reasons set forth below, the Court denies the motion for summary judgment.

### I. ORIGINS OF THE MOTION

This case arises out of Gilani's dismissal from UT Southwestern in March 2019. Pl.'s First. Am. Compl. ¶ 36 [15]. Gilani originally brought suit in Texas state court against UT Southwestern and four members of its academic administration. Gilani filed his petition on the last day of the statute of limitations period, March 25, 2021. Pl.'s Orig. Pet., Dkt. [2-3] at 6-29. Gilani served UT Southwestern on May 27, 2021, after the limitations period expired. Def.'s Mot. Summ. J. at 9 [41], Def.'s Appx 039-40 [41-1]. Defendants removed the case to this Court and filed a motion for judgment on the pleadings, raising the statute of limitations affirmative defense [6]. The Court noted the

ORDER – PAGE 1

statute of limitations issue was more properly asserted at the summary judgment stage. Order Granting in Part Mot. for J. on Pl. at 5 [14]. At present, only Gilani's claims for intentional discrimination under Title VI of the Civil Rights Act of 1964[1] against UT Southwestern remain. UT Southwestern seeks summary judgment on Gilani's Title VI claim on the ground that it is time-barred. Def.'s Mot. Summ. J. at 5.

## II. LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [his] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense or (2) arguing that there

---

[1] Codified at 42 U.S.C. §2000d, *et seq.*

ORDER – PAGE 2

is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT DENIES THE MOTION FOR SUMMARY JUDGMENT

Under Texas law, "a plaintiff must both file suit and serve process on the defendant within the limitations period or her claim is time-barred." *Henderson v. Republic of Tex.*, 672 F. App'x 383, 384 (5th Cir. 2016) (citing *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970)). "A plaintiff's failure to serve defendant with process until after the limitations period has expired is excused only if the plaintiff exercised due diligence in effectuating service." *Contreras v. Chavez*, 420 Fed. Appx. 379, 381 (5th Cir. 2011). The date of service will relate back to the date of filing if the plaintiff exercised due diligence in effecting service. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990). UT Southwestern

contends that Gilani failed to exercise due diligence in effecting service of process as a matter of law, and thus his Title IV claim is time-barred. The Court disagrees.[2]

When the defendant shows service of process occurred after the statute of limitations expired, the plaintiff bears the burden of creating a fact issue as to due diligence by "present[ing] evidence regarding the efforts that were made to serve the defendant, and [explaining] every lapse in effort or period of delay." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (citing *Gant*, 786 S.W.2d at 260). "The determination of due diligence is usually a fact question," *Saenz v. Keller Indus. of Texas, Inc.*, 951 F.2d 665, 667 (5th Cir. 1992), assessed by determining "whether the plaintiff acted as an ordinarily prudent person would have acted under the same or similar circumstances and was diligent up until the time the defendant was served." *Proulx*, 235 S.W.3d at 216 (internal citations omitted). However, the plaintiff's explanations "demonstrate a lack of due diligence as a matter of law [] when one or more lapses between service efforts are unexplained or patently unreasonable." *Id*. On the other hand, if the plaintiff raises a genuine issue of material fact, "the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient." *Id.* (citing *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975).

UT Southwestern has shown that it was served outside of the statute of limitations period. Therefore, the burden shifts to Gilani to raise a fact question regarding due

---

[2] UT Southwestern raises several objections to portions of Gilani's summary judgment evidence. Def.'s Reply Br. Supp. Mot. Summ. J. 1–4 [48]. Because there are genuine disputes of material fact without such evidence, the Court declines to consider the objections.

ORDER – PAGE 4

diligence. Here, Gilani has provided sufficient evidence to create a fact issue as to diligence. Gilani detailed his efforts to effectuate service of process and provided an explanation for the period of delay between filing and serving UT Southwestern. Pl.'s Resp. to Mot. for Summ. J. 9-11 [46]. In particular, Gilani produced the sworn declaration testimony of Gilani's attorney and pointed to Gilani's attorney's billing records attached to UT Southwestern's motion to corroborate that testimony. Pl.'s Ex. 1 [47]; Def.'s App. Appx. 016-022 [41-1]. The portions of the declaration that were not objected to, as well as the billing record entries, indicate that Gilani's attorneys' office contacted Dallas County at least seven times in the two-month period between filing and service of process regarding Gilani's petition and citations, beginning March 26, 2021, the day after filing. *See* Pl.'s Ex. 1 ¶¶ 15, 16; Def.'s App. Appx. 016-019.

Moreover, Gilani proffers explanations for the lapse in time between filing and service: a delayed response time from the Dallas County Clerk's office in 2021 and a belief the citations had been ordered when the petition was filed. *See* Pl.'s Ex. 1 ¶¶ 9, 11, 13, 14, 32. Record evidence shows that Gilani ordered and paid for the citations in early May. Def.'s App. Appx. 009. When viewed in the light most favorable to Gilani, the billing entries regarding numerous calls to Dallas County regarding the citations could support an inference that Gilani was unaware the citations had not been paid for prior to that date, despite his efforts to obtain them. Def.'s App. Appx. 016-022. Gilani obtained citations from the Dallas County Clerk's office later that month, and served UT Southwestern on May 27, 2021. Gilani has provided evidence and explanations for the delay sufficient to

raise a fact issue as to whether he exercised due diligence. Thus, the burden shifts back to UT Southwestern to demonstrate that this explanation is insufficient as a matter of law.

UT Southwestern has not demonstrated that Gilani's explanation was patently unreasonable or insufficient as a matter of law. The summary judgment evidence indicates Gilani contacted the Dallas County Clerk's Office numerous times over the course of two months to obtain the citations necessary to effectuate service. *See* Def.'s App. Appx. 016-022. These facts are distinguishable from Texas cases where plaintiffs' failure to contact the clerk's office regarding citations or check that service of process was completed for months after filing a petition constituted lack of due diligence as a matter of law. *See e.g., Stoney v. Gurmatakis*, 2010 WL 1840247 (Tex. App. — Houston [1st Dist.] 2010, no pet.) (mem. op.); *Boyattia v. Hinojosa*, 18 S.W.3d 729 (Tex. App. — Dallas 2000, pet. denied). Having considered the relevant and admissible evidence, the Court declines to hold that Gilani's efforts demonstrate a lack of due diligence as a matter of law. A jury could still reasonably find that Gilani exercised due diligence in attempting to effectuate service. Accordingly, the Court denies summary judgment.

## CONCLUSION

Because there is a genuine dispute of material fact regarding whether Gilani exercised due diligence in attempting to effect service of process, the Court denies summary judgment on Gilani's Title VI claim.

Signed December 13, 2023.

_____
David C. Godbey
Chief United States District Judge

ORDER – PAGE 7